IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 17-1537-GMS |
| ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, et. al., ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM**

### I. BACKGROUND

Pending before the court is James Arthur Biggins' petition for a writ of habeas corpus (D.I. 1), a motion for a protective order (D.I. 8), and a motion for a preliminary injunction (D.I. 9). Biggins proceeds *pro se*, but did not submit an application for leave to proceed without payment of fees. For the following reasons, the petition and motions are denied.

### II. DISCUSSION

#### A. Claims Erroneously Asserted Under 28 U.S.C. § 2254

Pursuant to 28 U.S.C. § 2254(a), a district court can entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," and only if the relief sought is either immediate release or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In contrast, suits challenging state administrative procedures or conditions of confinement are properly brought pursuant to 42 U.S.C. § 1983. *See generally id.*; *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("requests for relief turning on circumstances of

confinement may be presented in a §1983 action").

In this case, Biggins' petition challenges the conditions of his confinement by alleging he has been denied access to the courts. (D.I. 1) Consequently, he should have asserted his access-to-courts claim pursuant to 42 U.S.C. § 1983 rather than 28 U.S.C. § 2254. Biggins is a frequent filer in this court, and he is aware of the filing requirements. In an order dated June 6, 2009, Biggins was placed on notice that "future § 1983 filings, characterized as habeas corpus petitions in an attempt to avoid the filing fee, will be considered vexatious and abusive of the judicial process and will result in summary dismissal." *See Biggins v. Phelps*, C.A. No. 09-375-GMS, Order (D. Del. June 11, 2009). Accordingly, the petition is summarily dismissed.

## B. Injunctive Relief Unavailable

Included in Biggins' petition is a request for "preliminary injunction and/or protective order." (D.I. 1 at 4-6) He has also filed a separate motion for a protective order (D.I 8) and a motion for a preliminary injunction (D.I 9). Biggins' main complaints appear to stem from the alleged closing of the main law library during an emergency lockdown following a hostage incident that took place at the James T. Vaughn Correctional Center in Smyrna, Delaware on February 1-2, 2017, and the entirely unrelated institution of an e-filing program between the prison and the court. All of Biggins' filings in this proceeding essentially ask the court to issue a preliminary injunction and/or protective order: (1) permitting him to mail papers to the court instead of e-filing them; (2) preventing prison officials from deleting or confiscating documents submitted as exhibits with briefs and/or motions when e-filing; (3) requiring the law library to provide him with photocopies of documents, as well as statutes and forms from Florida; (4) requiring the law library to provide certified and/or licensed legal assistants to aid inmates with

their legal filings; and (5) permitting him physical access to the law library two times a week for two hours at a time.

A preliminary injunction or temporary restraining order is an extraordinary remedy. *See Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). A movant must establish four elements in order to obtain an injunction: (1) he is likely to succeed on the merits; (2) denial will result in his irreparable injury; (3) granting the injunction will not irreparably harm the nonmoving party; and (4) granting the injunction is in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998). A movant's failure to establish any one of these four factors renders injunctive relief improper. *See Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Additionally, given the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009).

### 1. Likelihood of success on the merits

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing poisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "A prisoner raising an access-to-courts claim must show that the denial of access caused him to suffer an actual injury." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "The tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355. A violation

3

of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. *See id.* at 351; *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court").

Biggins has not presented a *prima facie* case of denial of access to the courts, because he has failed to demonstrate an actual injury. To begin, the court has previously held that the e-filing program does not deny inmates access to the courts. *See Giles v. Dep't of Corrs.*, 2017 WL 1434266 at *4 (D. Del. Apr. 20, 2017). Significantly, Biggins filed another "denial of access to the courts" complaint under § 1983 challenging the legality of the e-filing program, which the court dismissed on February 23, 2018. *See Biggins v. Little*, C.A. No. 18-164-GMS, Order (D. Del. Feb. 23, 2018).

As for Biggins' allegations regarding his limited physical access to the law library, prison officials may place reasonable restrictions on the inmates' use of prison law libraries, provided those restrictions do not interfere with the inmates' access to the courts. *See Nevarez v. Hunt*, 770 F. Supp. 2d 565, 567 (W.D.N.Y. Mar. 6, 2011). The fact that the prison was not providing "**live appointments** in the main library" as of April 25, 2017, just a few months after the hostage situation, does not demonstrate that prison officials unreasonably restricted Biggins' physical access to the library amounting to a denial of access to the courts. (D.I. 1, Attcht. 1 at Exh. A) (emphasis added) Nor does the absence of live appointments in the library demonstrate that Biggins' had or has insufficient access to necessary legal materials. Additionally, the library's failure to provide Florida statutes and forms, and its policy that prisoners must provide

4

supporting documentation demonstrating the existence of a motion or other court filing before its employees will photocopy letters, "cases, statutes, newspaper, magazine, or Isthmus materials," do not demonstrate that Biggins was denied access to the courts. (D.I. 1, Attcht. 1 at Exh. B; D.I. 6; D.I. 8 at 7, 25) Significantly, Biggins was capable of drafting and filing the petition and motions presently pending before the court, and he was able to e-file numerous exhibits and affidavits. For these reasons, it is unlikely that Biggins will succeed on the merits of his access-to-courts claim.

### 2. Irreparable harm

"In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). The moving party must demonstrate that he is likely to suffer "actual or imminent harm which cannot otherwise be compensated by money damages," or he "fail[s] to sustain its substantial burden of showing irreparable harm." *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 103 (3d Cir. 1988). The mere risk of injury is insufficient. Rather, the moving party must establish that the harm is imminent and probable. *See Anderson v. Davila*, 125 F.3d 148, 164 (3d Cir. 1997).

Although not entirely clear, Biggins appears to contend that he has and will continue to suffer irreparable injury because prison officials (1) have restricted "documents filed as exhibits in past and current motions and briefs, etc." and (2) have refused to photocopy papers for him. (D.I. 1-2 at 1, 2; D.I. 8 at 1) To the extent he alleges a past injury, it is reparable through properly filed litigation. To the extent he alleges a present injury, Biggins' pleadings and other

5

interactions with the court, as evidenced by the docket sheet and the exhibits attached to his filings, indicate that his ability to prosecute this action has not been unduly impeded. In other words, Biggins has failed to demonstrate irreparable harm.

### 3. Conclusion

Given Biggins' failure to satisfy the first two prerequisites for injunctive relief, the court need not address the remaining factors in connection with his motions. Accordingly, Biggins' requests for injunctive relief and/or a protective order are denied. *See Morton v. Beyer*, 822 F.2d 364, 371 (3d Cir. 1987) ("[A] failure to show a likelihood of success . . . must necessarily result in the denial of a preliminary injunction.").

## III. CONCLUSION

For the aforementioned reasons, the court summarily dismisses Biggins' petition for a writ of habeas corpus and denies his motions for a protective order and a preliminary injunction. Additionally, the court declines to issue a certificate of appealability because Biggins has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

April 19, 2016
DATE

UNITED STATES DISTRICT JUDGE